UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ELVIS ACOSTA,

    Plaintiff,

v.                                                          Case No:

ALEJANDRO MAYORGA, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,
FEDERAL AIR MARSHALL SERVICE,

    Defendant.
_____/

**COMPLAINT FOR DISCRIMINATION, RETALIATION, HOSTILE WORK ENVIRONMENT AND VIOLATION PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE AMERICANS WITH DISABILITIES ACT OF 1990, THE FLORIDA WHISTLE-BLOWER'S ACT, AND THE REHABILITATION ACT OF 1973**

Plaintiff, Elvis Acosta, by and through the undersigned attorneys, filed this Complaint against Alejandro Mayorga, Secretary, Department of Homeland Security, and states as follows:

**PARTIES**

1. Plaintiff, Elvis Acosta, is a resident of Dade County, Florida, and was a Federal Air Marshal with the Federal Air Marshall Service (FAMS) of the Department of Homeland Security until October 2019. During the relevant time period, he was a permanent employee with the Miami Office of FAMS under the United States Department of Homeland Security.

2. At all times pertinent, Plaintiff's employer, pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. sec 2000 (et. seq), The Rehabilitation Act of

1973 and the Americans with Disabilities Act of 1990, was the Miami Office of the Federal Air Marshall Service, under the Department of Homeland Security, Alejandro Mayorga, Secretary.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction in this action pursuant to 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Section 2000e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., the Whistleblower Protection Act of 1989, 5 U.S.C. 2302(b)(8)-(9) and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117, and the regulations governing federal employees, 29 C.F.R. §1614.407. This District possesses venue of this matter pursuant to 42 U.S.C. Section 2000e-5(f). The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination. The Plaintiff has lived in Broward County, Florida at all times relevant to this suit. The amount in controversy in this action exceeds the jurisdictional limits of this Court.

## GENERAL FACTUAL ALLEGATIONS

4. Plaintiff realleges paragraphs 1 through 3 as if set forth herein.
5. Plaintiff has exhausted all his administrative remedies.
6. Plaintiff had to retain the undersigned attorneys to represent him and has agreed to pay reasonable attorney's fees and costs.
7. Plaintiff demands trial by jury on all counts so triable.
8. Plaintiff is a Veteran of the US Armed Forces and retired as a Colonel (O-6).

9. Plaintiff has a 100% disability rating from the VA.

10. Plaintiff sustained a traumatic injury during mandatory training with FAMS between May 23, 2018 and June 18, 2018.

11. On or about February 2019, the Plaintiff was prescribed CBD oil by his physician in treatment of his service-related traumatic injury.

12. The CBD oil prescribed for the Plaintiff met all of the requirements set forth by the Agriculture Improvement Act of 2018, PL 115-334, for THC levels in CBD products.

13. Plaintiff participated in Merit Systems Protection Board Activity for himself in 2011 and was a witness for Robert MacLean's MSPB case in 2019.

14. Between 2012 to 2019, the FAMS issued 16 ITRs against the Plaintiff.

15. Prior to his protected activities, FAM Acosta was an exemplary employee.

## COUNT I
## VIOLATION OF THE WHISTLEBLOWER PROTECTION ACT OF 1989

16. Plaintiff realleges paragraphs 1 through 15 as if set forth herein.

17. FAM Elvis Acosta participated in a Merit Systems Protection Board case after FAMS removed him from his position. This is a protected act under the Whistleblower Protection Act of 1989.

18. FAMS began discriminating against FAM Acosta for Acosta's protected whistleblower acts.

19. On or about July 2019, FAM Acosta was discriminated against for his protected Whistleblower Acts when he was indefinitely suspended pending investigation for using CBD oil for a permanent injury suffered on the job.

20. On or about July 2019, FAM Acosta was discriminated against for his protected Whistleblower Acts when he was removed from Federal Service.

21. FAM Acosta was an exemplary employee and had not had any personnel actions taken against him until after his protected Whistleblower Acts.

22. FAMS was aware of FAM Acosta's protected activities as FAMS submitted paperwork to Robert MacLean's attorneys in regards to FAM Acosta.

23. FAMS was aware of FAM Acosta's protected activities as it was directly involved in the MSPB hearing and the resulting corrective actions on behalf of FAM Acosta.

24. FAMS began retaliating against FAM Acosta because of his protected activities.

**COUNT II**
**HOSTILE WORK ENVIRONMENT**

25. Plaintiff realleges paragraphs 1 through 15 as if set forth herein.

26. The following elements based on *Palmer v. McDonald*, (11th Cir. 14-15546, judgment 08/21/2015) (Unpublished Opinion).

27. Plaintiff belongs to a protected group.

    a. Disabled person

28. On or about July 2019, FAM Acosta was discriminated against for his protected Whistleblower Acts when he was indefinitely suspended pending investigation for using CBD oil for a permanent injury suffered on the job.

29. On or about July 2019, FAM Acosta was discriminated against for his protected Whistleblower Acts when he was removed from Federal Service.

30. FAM Acosta was an exemplary employee and had not had any actions taken against him until after his protected Whistleblower Acts.

31. FAM Acosta was harassed due to his membership in the protected class when he was suspended without pay, biased comments were made to FAM Acosta about his disability status and when FAM Acosta was not given reasonable accommodations for his disability.

32. FAM Acosta's work environment was both subjectively and objectively hostile as his work performance had always been exemplary until the harassment began. Once FAM Acosta began being harassed in the work environment, his EPMP score was lowered, he received numerous unfounded suspensions and his job performance was falsely attacked.

33. FAMS is responsible for the hostile work environment that FAM Acosta has suffered due to FAMS's knowledge and/or acceptance of the actions taken by its officers and employees.

34. The harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment as the harassment took place with regular consistency, the harassment involved numerous activities that could cause FAM Acosta to lose his position, the harassment was humiliating and it regularly inhibited FAM Acosta from being able to complete his job duties.

35. The employer is responsible for such environment under either a theory of vicarious or of direct liability.

## COUNT III
## HOSTILE WORK ENVIRONMENT RETALIATION

36. Plaintiff realleges paragraphs 1 through 15 as if set forth herein.

37. The following elements based on *Palmer v. McDonald*, (11th Cir. 14-15546, judgment 08/21/2015) (Unpublished Opinion).

38. On or about July 2019, FAM Acosta was discriminated against for his protected Whistleblower Acts when he was indefinitely suspended pending investigation for using CBD oil for a permanent injury suffered on the job.

39. On or about July 2019, FAM Acosta was discriminated against for his protected Whistleblower Acts when he was removed from Federal Service.

40. FAM Acosta was an exemplary employee and had not had any actions taken against him until after his protected Whistleblower Acts.

41. FAM Acosta's participation in MSPB protected activities began a pattern of harassment using all officers and agents under FAMS control.

42. 43. FAM Acosta's work environment was sufficiently severe and pervasive as to alter the terms and conditions of his employment and to create an abusive work environment as his work performance had always been exemplary until the harassment began.  Once FAM Acosta began being harassed in the work environment, his EPMP score was lowered, he received numerous unfounded suspensions and his job performance was falsely attacked.

43. The harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and to create an abusive work environment.

## COUNT IV

## AMERICAN WITH DISABILITIES ACT RETALIATORY CLAIM

44. Plaintiff realleges paragraphs 1 through 15 as if set forth herein.

45. FAM Acosta has a FAMS work connected disability.

46. FAM Acosta requested a reasonable accommodation for his disability in good faith and a reasonable belief that he was entitled to the accommodation.

47. FAM Acosta's reasonable accommodation was treatment for his injury via use of CBD oil for pain.

48. FAM Acosta's reasonable accommodation was denied for no reason.

49. FAM Acosta suffered a materially adverse employment action.

50. FAM Acosta's reasonable accommodation was denied because his employer was discriminating against him for his protected acts and his disability.

51. Plaintiff engaged in statutorily protected activity when he participated in multiple MSPB hearings.

52. Plaintiff further engaged in protected activity when he submitted documentation of his work related traumatic injury and requested reasonable accommodations.

53. Plaintiff suffered a materially adverse employment action when he was indefinitely suspended from FAMS.

54. The evidence will show that a "but-for" relationship between Plaintiff's participation in protected acts and the prohibited personnel actions of FAMS would not have suspended FAM Acosta

## COUNT V
## DISPARATE TREATMENT

55. Plaintiff realleges paragraphs 1 through 15 as if set forth herein,

56. Plaintiff is a member of a protected class as a disabled veteran.

57. Plaintiff was qualified for his position and had been in his position for more than 10 years.

58. Plaintiff suffered an adverse employment action when he was indefinitely suspended in July 2019.

59. Plaintiff was forced to medically retire or face removal from his position in October 2019.

60. In February 2019, the Plaintiff was prescribed CBD oil by his physician.

61. In February 2019, the Plaintiff asked his physician about the amount of THC in the CBD oil and whether it would cause a positive on a drug test as the Plaintiff was subject to random drug screens as a FAM.

62. In March 2019, the Plaintiff was randomly drug tested and the CBD oil showed as a positive on his drug screen.

63. The Plaintiff was placed on indefinite leave even after he provided all of the documentation for the CBD oil and the amount of THC in the CBD oil.

64. Another FAM, during the same time period, ate a marijuana laced brownie. The FAM was not suspended or forced to medically retire even though they had ingested an illegal substance.

65. The circumstances of Plaintiff's forced retirement gives rise to an inference of discrimination.

   **WHEREFORE**, Plaintiff, Elvis Acosta, demands judgment against the Defendant, in an amount that will compensate him for:

   a. Violation of his rights under Title VII of the Civil Rights Act of 1964;

b. Compensatory damages including lost wages, past and future and/or impairment of power to earn money; physical pain, emotional distress and humiliation, past and future; and past and future medical expenses;

c. Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

d. A permanent injunction against future acts of discrimination and harassment against Plaintiff by the MCO Orlando Office;

e. Trial by jury on all issues so triable;

f. Costs expended herein, including reasonable attorneys' fees;

g. Pre-judgment and post-judgment interest; and,

h. Any and all other relief to which he may be entitled.

Respectfully submitted,

KURTZ LAW OFFICES, LLC

/s/ Serena M. Kurtz
Florida Bar No. 88683
200 E Robinson St Ste 1120-B25
Orlando, FL 32801-1945
Tel. (407) 987-4529
E-mail: Serena@GetKurtz.com
Alt. E-mail: Patrick@GetKurtz.com
Attorney for Plaintiff