UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61533-CIV-GAYLES/STRAUSS

ELVIS ACOSTA,

      **Plaintiff,**

v.

ALEJANDRO MAYORKAS, Secretary
United States Department of Homeland
Security, Federal Air Marshal Service,

      **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"). [ECF No. 31]. The action was referred to Magistrate Judge Jared M. Strauss, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 28]. On March 5, 2024, Judge Strauss issued his report recommending that the Motion be granted in part and denied in part (the "Report"). [ECF No. 43]. In particular, Judge Strauss recommended that the Court dismiss Counts I through IV with prejudice but allow Count V to proceed as Defendant only addressed the title of that claim rather than the sufficiency of the allegations. *Id.* Defendant objected only to Judge Strauss's recommendation that Plaintiff be permitted to proceed on Count V. [ECF No. 45]. Plaintiff has not timely objected to the Report.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings

that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

With respect to Counts I through IV of the Complaint, to which no party has objected, the Court finds no clear error with Judge Strauss's recommendation that those Counts be dismissed with prejudice.[1] With respect to Count V of the Complaint, the Court has conducted a *de novo* review of the record and the law and finds that it should be dismissed.

The Amended Complaint, like the Original Complaint, fails to adequately allege a clam for disparate treatment based on a disability. Count V does not indicate a statutory basis for Plaintiff's claim and is simply labeled "disparate treatment." In response to the Motion to Dismiss, Plaintiff argues that as a "disabled veteran" he is a member of a protected class under Title VII. [ECF No. 35]. However, Title VII only protects against discrimination based on race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). Plaintiff cannot bring a claim under the Americans with Disability Act ("ADA") because the ADA does not apply to federal employers. *See* 42 U.S.C. § 12111(5)(B)(i) (excluding the United States from the definition of "employer" under the Act). Therefore, Plaintiff may only bring a claim against Defendant, a federal employer, for discrimination based on disability under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et. seq.

"The [Rehabilitation] Act prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability." *Shannon v. Postmaster General of U.S. Postal Service*, 335 F. App'x 21, 24 (11th Cir. 2009) (quoting *Mullins v. Crowell*, 228 F.3d 1305,

---

[1] Judge Strauss recommends dismissal with prejudice as Plaintiff failed to cure the deficiencies from his Original Complaint despite having the opportunity to do so.

1313 (11th Cir. 2000)). Aside from alleging that he has a "100% disability rating from the United States Department of Veteran Affairs" and that he suffered a "traumatic injury" [ECF No. ¶ 9, 13], Plaintiff provides no details about how or why he is disabled, the nature of his traumatic injury, or the relationship between his use of CBD oil and his alleged injury or disability. Even in the context of liberal pleading standards, Plaintiff fails to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice.").

As Plaintiff did not timely object to Judge Strauss's recommendation that Counts I through IV be dismissed without leave to amend, those Counts shall be dismissed with prejudice. The Court, however, will provide Plaintiff with one additional opportunity to raise his claim for discrimination based on his disability.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Strauss's Report and Recommendation, [ECF No. 43], is **ADOPTED in PART**;

(2) Defendant's Motion to Dismiss Plaintiff's Amended Complaint, [ECF No. 31], is **GRANTED** as follows:

   a. Counts I-IV are **DISMISSED with prejudice**.

   b. Count V is **DISMISSED without prejudice.**

(3) Plaintiff shall file a Second Amended Complaint as to his disparate treatment based on disability claim within ten (10) days of the entry of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of April, 2024.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE